OPINION OF THE COURT
Ronald J. McGaw, J.
Defendant was charged with disorderly conduct in violation of Penal Law § 240.20, and resisting arrest in violation of Penal Law § 205.30. By previous motion, the defendant moved for *307 dismissal of both charges on the grounds of facial insufficiency. By decision and order of August 21, 2002, this court granted the dismissal as to the disorderly conduct charge, but denied the defendant’s motion as to the resisting arrest charge. Defendant’s motion to renew and reargue asserts that this court was in error in failing to dismiss the resisting arrest charge. As stated by the defendant in his motion: “If the arrest which supports the resisting arrest charge is unlawful then the resisting arrest charge must be dismissed.”
The defendant cites for this proposition the case of People v Stephen (153 Misc 2d 382 [Crim Ct 1992]). In Stephen, a defendant was charged with disorderly conduct and resisting arrest. The disorderly conduct charge was dismissed on the grounds that the activity alleged on the part of the defendant was protected by both the State and Federal Constitutions. As such, said activity was deemed to not constitute an offense of the law. Thus, the Stephen court concluded that the arrest of the defendant was not authorized and that the resisting arrest charge also must fail.
The Stephen court dealt with facts which were fully set forth in the accusatory instrument. That is, the issue there was not one of a failure to allege necessary facts. Rather, that court determined that the acts of the defendant, as fully set forth in the accusatory instrument, simply did not constitute a violation of the law because they were constitutionally protected speech.
The instant case is distinguishable from Stephen in significant degree. In the instant case, the disorderly conduct charge did not fully and clearly set forth sufficient facts to constitute a valid charge. Specifically, the accusatory instrument in the instant case failed to allege any factual allegations to sustain the element of an intent to cause public interference. As stated by this court in its previous decision, “it may be that sufficient facts did exist to have allowed a valid charge of Disorderly Conduct to be brought. If such facts exist, however, they were not set forth on the face of the accusatory instrument.” Thus, without a full recitation of facts, this court was not able to determine whether probable cause for an arrest was correctly formed.
In Stephen, by contrast, there was no indication of sloppy draftsmanship in the preparation of the accusatory instrument. Rather, the facts in Stephen were fully set forth, thus allowing that court to consider all the facts in determining that no violation of the law had occurred. As such, the Stephen court *308 determined that no probable cause could have legitimately been formed for an arrest, and thus the resisting arrest charge had to fall.
The distinction is one of insufficiency of drafting versus insufficiency of probable cause. Where the allegations of an accusatory instrument fail to set forth sufficient facts to allow a court to determine the issue of probable cause, that charge may be dismissed without necessarily causing a related resisting arrest charge to also fall. On the other hand, if the facts alleged in an accusatory instrument are sufficient to allow a court to determine that no probable cause existed for an arrest, then both that charge and the related resisting arrest charge must fall.
This “insufficiency of drafting” versus “insufficiency of probable cause” distinction is also evident in the New York Criminal Jury Instructions for the charge of resisting arrest. Those instructions state in pertinent part as follows:
“In order for you to find the defendant guilty of this crime [of resisting arrest], the People are required to prove * * * each of the following * * * elements * * *
“[Element 2:] This arrest was authorized in that [the arresting officer] had reasonable cause to believe that the defendant had committed an offense.” (CJI[NY]2d PL 205.30 [emphasis added].)
The Stephen court was able to determine that the arresting officers could not have formed valid probable cause for the arrest because the acts of the defendant as fully set forth were constitutionally protected. By contrast, the accusatory instrument in the instant case did not set forth sufficient facts to allow this court to determine whether probable cause could have been formed. In fact, had the instant accusatory instrument specifically alleged that members of the public were present and were adversely affected by the defendant’s activity, it might have been upheld. Furthermore, should the People in the instant case seek to redraft and refile the charge of disorderly conduct against this defendant, it is entirely conceivable that sufficient facts could be alleged to survive a dismissal challenge. The Stephen court, by contrast, was satisfied that no probable cause for the arrest could have been asserted.
In conclusion, it is the opinion of this court that an underlying charge which leads to a further related charge of resisting arrest must be viewed separately and apart from the resisting arrest for purposes of determining issues of sufficiency. While *309 an underlying charge to a resisting arrest may rightly be viewed as the trunk of the criminal tree, the fact remains that busy police officers or prosecutors may on occasion fail in their efforts to fully describe the trunk on their way to supporting the higher charge. Such a failure of drafting may result in the inability of a court to clearly make out the trunk, but that is not to say the trunk does not exist somewhere in the fog of misdescription.
Therefore, for the reasons set forth above, the defendant’s motion to renew and reargue is denied.